IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO.: 5:24-CV-00037-BO

| | |
|---|---|
| TIVERTON ADVISORS, LLC, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| ALLIED AG ASSOCIATES, INC.;<br>FRANSCIONI BROS., INC.;<br>H.O.G. FARMS, INC; K.M.A. LEASING;<br>PP LAND & CATTLE; PWG, LLC;<br>RAY FRANSCIONI PROPERTIES;<br>RCT LAND COMPANY, LP; REFCO<br>FARMS, LLC; RF WINES, LLC;<br>REF VINEYARDS, LLC; S.M.D.<br>VINEYARDS, INC; and RAY<br>FRANSCIONI, individually. | )<br>)<br>)    **CONSENT**<br>) **PROTECTIVE ORDER**<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

This cause came before the Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("Rules"), upon consent of the parties, for entry of a protective order to govern concerns of confidential and proprietary information.

It is hereby ORDERED that:

1. This Order shall govern the use and dissemination of all information, documents, or materials that are produced in this action (the "Litigation") and designated as "Confidential."

2. The term "Confidential," as used in this Order, shall mean: (a) information not in the public domain that is so proprietary or sensitive that its public disclosure may cause competitive injury; (b) information that contains trade secrets

1

pursuant to applicable law; (c) personal identifying information of third parties, including account numbers, telephone numbers, personal financial information, and other sensitive information that is not already in the public domain; (d) information protected from disclosure by contractual obligations with third parties; and (e) information protected from disclosure by law.

3. Any party to this action or other person or entity, including any third party ("Third Party") recipient of a subpoena may designate as "Confidential" any information, document, or material produced in response to any interrogatory, request for production of documents, request for admission, third-party subpoena, or other discovery request that it reasonably and in good faith believes constitutes or contains information protected under the terms of this Order (the "Designating Party").

4. The designation shall be made at or prior to the time of production of information, documents, or material or as soon thereafter as may be practicable by affixing on the document or material containing such information a legend that states: "CONFIDENTIAL." To the extent the parties or any Third Party produces electronic files in native format, the legend "CONFIDENTIAL" may be affixed to the storage device in which the electronic files are produced or in the name of the native file produced. For avoidance of doubt, any party to this action may designate a Third Party's production as "Confidential." Any party who wishes to designate any portion of a Third Party's production as "Confidential" shall do so within 14 days after the

party receives such production. During that 14-day period, all Third-Party productions shall be treated as "Confidential."

5. Portions of deposition testimony may be designated as "Confidential" by stating that fact on the record at the deposition. Any such designation must be stated with sufficient particularity so that only the portion of the deposition that constitutes information protected under the terms of this Order is designated as "Confidential". If a Designating Party has advised the court reporter that Confidential information has been disclosed during a deposition, the court reporter shall include on the cover page the following indication: "DEPOSITION CONTAINS CONFIDENTIAL INFORMATION — SUBJECT TO A PROTECTIVE ORDER." A party may also designate portions of a deposition testimony as "Confidential" by notifying the other party in writing within 10 business days after receiving the initial deposition transcript. The Designating Party shall identify the lines or pages to be marked "Confidential."

6. This Order does not apply to information that is publicly available or information that a party or Third Party discovers outside of formal litigation discovery.

7. Information, documents, or material may be designated as "Confidential" by marking each page of the document or material in which the information appears as "Confidential." If the original is not produced, a party may mark the copies that are produced or exchanged in lieu of marking the original documents. Any summaries of Confidential information shall be marked with the

appropriate "Confidential" designation and shall be treated as Confidential information.

8. A Party may oppose the designation of material as "Confidential" information at any time before trial by notifying counsel for the Designating Party in writing. If the Parties are unable to agree on the protected status of a document or information, the party challenging the designation may request an in-camera review before the Court, who shall determine the status of the documents and issue an appropriate order from the Court.

9. A Designating Party that produces Confidential information but inadvertently fails to mark an item as "Confidential" may correct its failure as soon as practicable after the error is discovered. Such correction and notice thereof shall be in writing. After the receiving party receives such notice, the receiving party shall thereafter treat the Confidential information in accord with the corrected designation, but no receiving party shall be held responsible for any disclosures that may have been made prior to such corrective notice. Persons to whom such disclosure was made may continue to have access to such materials but must agree to abide by the terms of this Order from the time of notice forward.

10. Except as otherwise provided herein, all Confidential information shall be subject to the provisions of this Order until further order of the Court or the Parties' written agreement modifying this Order.

11. Except as otherwise allowed herein, all Confidential information will solely be used in connection with this Litigation. This Order does not restrict or

prevent a party or Third Party from using its own Confidential information in any manner that it sees fit.

12. Except with the prior written consent of the Designating Party, or upon prior order of this Court obtained upon written notice to the Designating Party's counsel, Confidential information shall not be disclosed to any person other than:

   a. The parties to this Litigation and their counsel;

   b. Employees of such counsel and persons assigned to assist such counsel in the preparation of this Litigation;

   c. Expert witnesses and consultants, to the extent deemed necessary by counsel, for the prosecution or defense of this Litigation;

   d. Court reporters, to the extent deemed necessary by counsel, for the prosecution or defense of this Litigation;

   e. A deponent, prior to or in the course of a deposition, provided that such persons may be shown copies of designated material only during the course of preparation for his or her deposition or in the actual course of a deposition. The deponent may not retain any designated material;

   f. The Court and its personnel; and

   g. Any mediator named in an order of the Court or agreed to by the parties.

13. Before filing any information that has been designated "CONFIDENTIAL" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the

5

Designating Party desires that the materials be filed under seal, then the filing party shall file the materials in accordance with EDNC Local Civil Rule 79.2, with notice served upon the Designating Party. The filing of the materials under seal shall not be binding on the Court, however. Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed.

14. If a Party wishes to disclose Confidential information to any person not described in Paragraph No. 12 above, permission to so disclose must be requested from the Designating Party in writing. The Designating Party shall respond to the request within 7 days. A failure to object shall be deemed a waiver by the Designating Party, and the party wishing to make the proposed disclosure may do so without violating this Order. If the Designating Party objects to the proposed disclosure, such disclosure shall not be made unless, upon motion by the Party requesting such permission, the Court orders otherwise.

15. Prior to obtaining access to Confidential information, any person to whom Confidential information may be disclosed pursuant to Paragraph 12, except for persons described in subparagraphs a, b, d, f, and g, shall be shown and shall read a copy of this Order and shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Acknowledgment annexed hereto as **Exhibit 1**. Counsel

6

Case 5:24-cv-00037-BO-BM    Document 22    Filed 11/21/24    Page 6 of 14

for the party obtaining a person's signature on the Confidentiality Acknowledgment shall retain the original signed Confidentiality Acknowledgment and, upon request, shall make it available to counsel of record for the other parties, provided that the identities of consultants, including trial or jury consultants, who have not been identified as testifying experts need not be disclosed.

16. Any person receiving Confidential information shall not reveal to, or discuss such information with, any person who is not entitled to receive such information as set forth in Paragraph 12.

17. Upon written request by counsel of the Designating Party after the termination of this Litigation, through settlement or the entry of a final, non-appealable order, and within twenty (20) days of receipt of same, all Confidential information and all copies thereof, including any notes or other transcriptions made therefrom that is not attorney work-product, shall be returned or destroyed by the parties to whom such Confidential information was provided. Each party shall provide a written certification of the return or destruction of all Confidential information and all copies thereof.

18. This Order is intended to facilitate discovery while preserving claims of confidentiality and not to waive any claims, defenses, or rights regarding confidentiality. Accordingly, no party or Third Party shall be deemed to have waived any claims of confidentiality or defenses to an allegation of confidentiality merely because they have stipulated to this Order or provided information under the terms of this Order. No party shall be deemed to have admitted that any material

7

designated by another party or Third Party as Confidential information actually constitutes Confidential information.

19. Entry of this Order shall be without prejudice to any application for relief from any restriction imposed by this Order or for any other or further restriction on the production, exchange, or use of any document, testimony, interrogatory response, or other information produced, given or exchanged in the course of pretrial discovery in these actions. However, any Party or Third Party applying for relief shall give a minimum of three business days' notice, weekends and holidays excluded, of any request for relief.

20. Unless otherwise ordered by the Court, the production, disclosure, or use of Confidential information in accordance with the terms of this Order (a) shall not constitute a waiver by a party or Third Party of any common interest privilege or exemption from discovery to which such information is subject; and (b) shall not constitute a waiver by a party or Third Party of any attorney-client, work-product, or other privilege or exemption from discovery with respect to such information in this Litigation or any other Litigation, past, present or future.

21. Nothing herein shall be deemed to waive any applicable privilege unless otherwise ordered by the Court.

22. In the event any party or their counsel subject to this Order inadvertently produces or otherwise discloses materials which it deems to be privileged attorney-client communications, protected by the attorney work-product doctrine, or protected as materials prepared in anticipation of litigation—whether or

not marked as "Confidential"—then that producing party may recover those documents as follows:

    a. Within fourteen (14) days of becoming aware of the inadvertent disclosure which the producing party deems to be privileged attorney-client communications, protected by the attorney work-product doctrine, protected attorney mental impressions, or protected as materials prepared in anticipation of litigation, that producing party shall have the right to recover such materials by requesting the return of the same in writing to the receiving parties.

    b. In any such request, the producing party shall: (1) identify the specific Bates pages to be recovered; (2) identify the date on which the producing party or its counsel became aware of the inadvertent disclosure; (3) identify the basis for the recovery of the subject materials; and (4) provide substituted versions of the affected materials with all information claimed by the producing party as privileged redacted, if applicable.

    c. Upon receipt of such a request, all receiving parties shall return the original documents and/or materials, along with all copies in any form, to the producing party or certify the destruction of the same as contemplated in this Order, and thereafter shall not use the information contained in the affected materials in any way in this Litigation, subject to the provisions of subpart "d" of this Paragraph.

9

d. In the event that a receiving party disputes the claim of privilege or the right to recovery on the part of the producing party, then after having returned the materials requested under the procedure set forth in this paragraph, the receiving party may seek relief from the Court in the form of a Motion to Compel, at which the producing party shall make available to the presiding judge a copy of the recovered materials in their unredacted form for review.

e. The parties to this Order agree that any and all materials which are recovered under the process set forth in this Paragraph shall maintain their privileged status, and the inadvertent disclosure of the same shall not waive or otherwise diminish that privilege, unless and until an order compelling the disclosure of those materials is entered by the Court, pursuant to the provisions of subpart "d" of this Paragraph.

23. Nothing herein shall be deemed a ruling or opinion on the discoverability or admissibility of evidence.

24. The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Order.

25. Except as provided in this Order, the Scheduling Order entered on June 11, 2024 shall not be affected by entry of this Order.

26. By attaching their signatures hereto, counsel and the parties they represent agree to treat information disclosed hereafter as if the Order had been

entered, until such time as this Order is presented to the undersigned for signature and entry.

[Consent of the parties is reflected on the following page]

SO ORDERED, this the ___ day of _____, 2024.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

11

Submitted this the 7th day of August, 2024.

| WILLIAMS MULLEN | FOX ROTHSCHILD LLP |
|---|---|
| /s/ *Wes J. Camden* <br> Wes J. Camden <br> N.C. State Bar No. 33190 <br> Jessica L. Phipps <br> N.C. State Bar No. 61062 <br> 301 Fayetteville Street, Suite 1700 <br> (27601) <br> PO Box 1000 <br> Raleigh, NC 27602 <br> Telephone: (919) 981-4000 <br> Facsimile: (919) 981-4300 <br> wcamden@williamsmullen.com <br> jphipps@williamsmullen.com <br> *Attorneys for Plaintiff* | /s/ *Bradley M. Risinger* <br> Bradley M. Risinger <br> N.C. State Bar No. 23629 <br> 434 Fayetteville Street, Suite 2800 <br> (27601) <br> Post Office Box 27525 <br> Raleigh, North Carolina 27611 <br> Telephone: (919) 755-8700 <br> Facsimile: (919) 755-8800 <br> brisinger@foxrothschild.com <br> aacree@foxrothschild.com <br> *Attorney for Defendants* |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO.: 5:24-CV-00037-BO

| | |
|---|---|
| TIVERTON ADVISORS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ALLIED AG ASSOCIATES, INC.; ) | |
| FRANSCIONI BROS., INC.; ) | |
| H.O.G. FARMS, INC; K.M.A. LEASING; ) | **CONFIDENTIALITY** |
| PP LAND & CATTLE; PWG, LLC; ) | **ACKNOWLEDGEMENT** |
| RAY FRANSCIONI PROPERTIES; ) | |
| RCT LAND COMPANY, LP; REFCO ) | |
| FARMS, LLC; RF WINES, LLC; ) | |
| REF VINEYARDS, LLC; S.M.D. ) | |
| VINEYARDS, INC; and RAY ) | |
| FRANSCIONI, individually. ) | |
| ) | |
| Defendants. ) | |

_____, being duly sworn, deposes and says:

1. I hereby acknowledge that I am about to receive information designated as "Confidential" supplied in connection with the above-referenced litigation.

2. I have received and read a copy of the Consent Protective Order entered in this case.

3. I understand and agree to be bound by the terms of the Consent Protective Order, and I agree not to disclose or use this information except in accordance with the terms of the Consent Protective Order.

13

4. I understand and agree that the information designated as "Confidential" may be used for purposes of this litigation only and for no other business or purpose.

5. I agree to submit to the jurisdiction of the Court and understand that the Court may impose sanctions for any intentional violation of the Consent Protective Order.

6. I agree that, upon termination of this litigation, or sooner if so requested, I will return to counsel all Confidential information provided to me, including any copies and excerpts of such Confidential information.

7. I understand that I am permitted to retain copies of my own work product provided that such materials are maintained and protected in accordance with the terms of the Consent Protective Order.

8. I understand that failure to abide by the terms of the Consent Protective Order may result in legal action against me.

This the _____ day of _____, _____.

_____
(Signature)

_____
(Print Name)