IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-37-BO-BM

TIVERTON ADVISORS, LLC,                          )
                                                 )
                 Plaintiff,                      )
                                                 )
        v.                                       )              O R D E R
                                                 )
ALLIED AG ASSOCIATES, INC., et al.,              )
                                                 )
                 Defendants.                     )

This cause comes before the Court on cross-motions for summary judgment [DE 36]; [DE 45]. Plaintiff moved for summary judgment [DE 36], defendants responded in opposition [DE 53], and plaintiff replied [DE 59]. Defendants moved for summary judgment [DE 45], plaintiff's responded in opposition [DE 54], and defendants replied [DE 57]. The Court also considers defendants' motion to seal documents [DE 43] and plaintiff's motion to strike certain declarations offered in support of defendants' motion for summary judgment [DE 49]. A hearing was held before the undersigned on August 8, 2025, in Elizabeth City, North Carolina. In this posture, the motions are ripe for ruling. For the following reasons, the motions for summary judgment are denied.

BACKGROUND

Ray Franscioni, a defendant in his individual capacity, operates several vegetable and wine grape farming businesses, which include the other defendant entities. To make consistent payments throughout the year despite earning proceeds from grape sales in irregular bursts, vineyards need credit. When defendants' key creditors Bank of the West (now BMO Bank) and MetLife

Investment Management ended their lending relationships with defendants, defendants sought a new creditor in plaintiff Tiverton Advisors, LLC.

Although the parties never consummated a final loan agreement, they executed an "indicative term sheet" that described the terms of the contemplated transaction at a high level. While this instrument's recitation of the loan terms was not binding, it also contained a selection of provisions labeled "Binding Terms" [DE 1-1], which would bind the parties whether or not the transaction was ever consummated. The terms imposed exclusivity requirements, transaction fees, and breakup fees on defendant. *Id.*

Defendants did not close on a loan transaction with Tiverton. Instead, they agreed to a credit facility with a different lender, AgAmerica Lending LLC. Tiverton asserts three claims for breach of contract, arising from (1) the exclusivity provision, (2) the reimbursement provision, and (3) the creditor resolution fee provision of the binding terms.

DISCUSSION

## I. Motion for Summary Judgment

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in

2

support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. A fact is material if it might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (internal quotation marks and citations omitted). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

The Court has considered the cross-motions and determines that issues of material fact prevent entry of summary judgment in favor of either party.

## II. Motion to Strike

In light of the Court's denial of summary judgment, the motion to strike [DE 49] is denied without prejudice and may be re-raised at trial.

## III. Motion to Seal

A judicial record is subject to the public's common law right of access, at a minimum, and might be subject to the heightened right of access afforded by the First Amendment. *Bayer Cropscience Inc. v. Syngenta Crop Prot.*, LLC, 979 F. Supp. 2d 653, 655 (M.D.N.C. 2013). Where a party seeks to seal documents filed in connection with summary judgment, the "more rigorous" First Amendment standard applies. *Virginia Dep't of State*, 386 F.3d at 576. Under this standard, a court "may restrict access only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Id.* at 575 (internal quotation and citation omitted). In considering a motion to seal, a court should provide the public with notice of the request to seal and support its decision by specific findings, including whether alternatives to sealing are appropriate. *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). "One exception

3

to the public's right of access is where such access to judicial records could provide a 'source[] of business information that might harm a litigant's competitive standing.'" *Woven Elecs. Corp. v. Advance Group, Inc.*, 1991 U.S. App. LEXIS 6004, \*17 (alterations in original) (quoting *Nixon v. Warner Communications*, 435 U.S. 589, 598 (1978)).

Defendants moved to seal an exhibit it offered in support of its motion for summary judgment, as well as its memorandum in support of summary judgment discussing the contents of that exhibit. The exhibit "discusses the hourly rates and numbers of hours dedicated to a closely analogous matter that is relevant to Defendants' defense of this action." [DE 44]. Because the exhibit contains sensitive financial information, and defendants have filed a lightly redacted public copy of their memorandum in support, the motion is granted.

## CONCLUSION

For the foregoing reasons, the motion to seal [DE 43] is GRANTED. Plaintiffs' motion to strike [DE 49] is DENIED WITHOUT PREJUDICE. The parties' motions for summary judgment [DE 36]; [DE 45] are DENIED. The case will be set for trial in Elizabeth City, North Carolina on May 18, 2026. This action is REFERRED to United States Magistrate Judge Brian S. Meyers to conduct a pretrial conference.

SO ORDERED, this __6__ day of March 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4